NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JON C. CLARK,
*Plaintiff/Appellee*,

v.

JENNIFER A. CLARK,
*Defendant/Appellant*.

No. 1 CA-CV 20-0156
FILED 12-8-2020

Appeal from the Superior Court in Maricopa County
No.  CV2018-004234
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Cheri L. McCracken Attorney at Law, Phoenix
By Cheri L. McCracken
*Counsel for Plaintiff/Appellee*

Williams Mestaz, LLP, Phoenix
By Daryl M. Williams
*Co-Counsel for Defendant/Appellant*

Ahwatukee Legal Office, PC, Phoenix
By David L. Abney
*Co-Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1        Jennifer Clark ("Wife") appeals from the superior court's order granting quiet title to real property in favor of Jon Clark ("Husband"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        We view the facts after a bench trial in the light most favorable to upholding the court's rulings. *Bennett v. Baxter Group*, *Inc.*, 223 Ariz. 414, 417, ¶ 2 (App. 2010).

¶3        Husband and Wife married in 2008, separated in 2010, and divorced in October 2017. When they separated, Husband and Wife entered a separation agreement which provided for a "complete division of their tangible personal property," and that after-acquired property would be separate property. In December 2012, Husband purchased a house as his sole and separate property in Whitman ("Property"). Wife signed a disclaimer deed for the Property and Husband paid the mortgage, insurance, and other expenses on the Property. The 2017 divorce decree incorporated the separation agreement but did not specifically address the Property.

¶4        In December 2017, Wife recorded a quitclaim deed ("Quitclaim Deed"). She claimed that Husband executed the Quitclaim Deed in 2013 to grant her ownership of the Property. In 2018, Husband filed a complaint seeking quiet title to the Property and other relief.

¶5        After a bench trial, the superior court found "by clear and convincing evidence that the Quitclaim Deed . . . is an invalid document, contained a material misstatement or false claim, and was forged." The court awarded Husband quiet title to the Property, $40,000 in damages, $59,199.71 in attorney fees, and $1,636 in costs. Wife timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

## I.    Validity of the Quitclaim Deed.

**¶6**          Wife argues Husband failed to meet the clear-and-convincing standard for proving a forgery or a violation of A.R.S. § 33-420.[1]

**¶7**          We accept the superior court's factual findings unless they are clearly erroneous. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51, ¶ 11 (App. 2009). If substantial evidence supports a finding of fact, that finding is not clearly erroneous, even if there may be substantial conflicting evidence. *Id.* at 51-52, ¶ 11. We do not reweigh contradictory evidence or substitute our judgment for that of the superior court. *Great W. Bank v. LJC Dev., LLC*, 238 Ariz. 470, 478, ¶ 22 (App. 2015).

**¶8**          Under A.R.S. § 33-420(A), an owner of real property can collect damages for the recording of a forged, groundless, or otherwise invalid document purporting to claim an interest in the real property. *See Sitton v. Deutsche Bank Nat'l Trust Co.*, 233 Ariz. 215, 219, ¶¶ 16-17 (App. 2013). A person commits forgery if he "[f]alsely makes, completes or alters a written instrument" with intent to defraud. A.R.S. § 13-2002(1). A recorded document is groundless or invalid when it has no arguable basis or is not supported by credible evidence. *SWC Baseline & Crismon Inv'rs, LLC v. Augusta Ranch Ltd. P'ship*, 228 Ariz. 271, 281, ¶ 31 (App. 2011).

**¶9**          The record contains sufficient evidence to support the superior court's finding that the Quitclaim Deed was invalid. That evidence includes Husband's testimony that he did not sign the Quitclaim Deed, and testimony by a handwriting expert that the signature on the Quitclaim Deed was forged. Additionally, the Quitclaim Deed was notarized by Wife's family member, the notary expiration was inconsistent, the Quitclaim Deed was recorded four years after its alleged execution, the Quitclaim Deed incorrectly stated the parties' marital status, and the Quitclaim Deed contradicted the divorce decree, which provided that property acquired after separation would be separate.

**¶10**          Wife advances two primary arguments on appeal. First, she claims that Husband identified the signature on the Quitclaim Deed as his signature during his deposition. However, the full deposition transcript

---

[1]          Husband argues no Arizona case has determined that the evidentiary standard is "clear and convincing." Because the superior court made a finding based on clear and convincing evidence, we do not decide whether this or a lesser standard is appropriate.

reflects that Husband was shown only one page of a three-page document and Husband explained that he did not sign the Quitclaim Deed. Moreover, Husband testified at trial that he "signed a beneficiary deed, not a quit claim deed." The superior court concluded that Husband did not sign the Quitclaim Deed, and we do not reweigh the court's credibility determination. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998) ("We will defer to the trial court's determination of witnesses' credibility and the weight to give conflicting evidence.").

**¶11** Wife also disputes the reliability of the handwriting expert's conclusions because Husband's "legal staff apparently identified the quitclaim signature to him as being a forgery." Husband counters that the expert "clearly states he was not told which document was a forgery." The record reveals the expert testified he "was not told it was false," but that it was a "questioned document." Wife argues on appeal that this prior-identification of the Quitclaim Deed caused confirmation bias. *See* D. Michael Risinger & Michael J. Saks, *Science and Nonscience in the Courts: Daubert Meets Handwriting Identification Expertise*, 82 Iowa L. Rev. 21, 64 (1996) (noting that "the presentation of extraneous information to the examiner which indicates the answer desired and reasons beyond handwriting for its being the correct conclusion may affect the document examiner's conclusion"). However, Wife did not object to the qualification of the expert, cross-examined the expert on confirmation bias, and addressed it in the closing argument. *See State v. Bernstein*, 237 Ariz. 226, 230, ¶ 18 (2015) (noting the adversarial system allows the opposing party to question the reliability and application of an expert's experience and knowledge).

**¶12** Wife asserts other criticisms of the handwriting expert's analysis, but these arguments all go to the weight of the evidence, not its admissibility. The weight given expert testimony is within the sole province of the fact finder. *Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, 359, ¶ 24 (App. 2014). We will not reweigh the expert's testimony on appeal. *See Gutierrez*, 193 Ariz. at 347, ¶ 13.

**¶13** Although the parties presented conflicting evidence, sufficient evidence supports the superior court's findings, and we defer to the superior court's credibility determinations and resolution of conflicts in facts and expert opinions. *Great W. Bank*, 238 Ariz. at 482, ¶ 42.

## II.     Form of the Complaint.

¶14     Wife also argues Husband could not seek quiet title and alternative forms of relief.

¶15     A quiet-title action is the exclusive remedy available to a private landowner seeking to remove a cloud on property. *Land Dep't v. O'Toole*, 154 Ariz. 43, 46-47 (App. 1987). Although Husband sought alternative relief for declaratory judgment, unjust enrichment, or rescission, the superior court did not enter judgments on these alternative claims. Thus, Wife's argument is moot.

¶16     The court entered judgment for quiet title and a violation of A.R.S. § 33-420. "The purpose of § 33-420 is to protect property owners from actions clouding title to their property." *Wyatt v. Wehmueller*, 167 Ariz. 281, 286 (1991). That statute provides "[t]he owner or beneficial title holder may bring a separate special action to clear title to the real property *or join such action with an action for damages as described in this section*." A.R.S. § 33-420(B) (emphasis added); *see Stauffer v. U.S. Bank Nat'l Ass'n*, 233 Ariz. 22, 27, ¶ 19 (App. 2013) (finding "an action to clear title of a false or fraudulent document that asserts an interest in real property may be joined with an action for damages under § 33-420"). Accordingly, there is no error in prosecuting both an action to quiet title and a violation of A.R.S. § 33-420.

## III.    Attorney Fees.

¶17     At trial, Husband sought an award of fees and costs under A.R.S. §§ 12-332 and -341.01. Wife did not object to the statutory ground for fees. The superior court held that Husband was entitled to his reasonable fees and costs under A.R.S. §§ 12-332, -341, -341.01, and 33-420. Wife argues on appeal that the attorney fee award is improper. We find Wife waived these arguments by raising them for the first time on appeal. *Airfreight Exp. Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109, ¶ 17 (App. 2007).

¶18     Husband seeks his attorney fees and costs incurred on appeal under A.R.S. §§ 12-341.01 and 33-420. Husband also seeks sanctions under ARCAP 25. Fees are not available under A.R.S. § 12-341.01(A) in a quiet title action. *Lange v. Lotzer*, 151 Ariz. 260, 261 (App. 1986). However, A.R.S. § 33-420 mandates the awarding of attorney fees to a prevailing owner in a false documents case. *Janis v. Spelts*, 153 Ariz. 593, 598 (App. 1987). Accordingly, Husband is awarded his reasonable attorney fees and costs incurred on appeal in an amount to be determined upon the timely

compliance with ARCAP 21. In our discretion, we decline to award sanctions. *See* ARCAP 25.

## CONCLUSION

¶19 For the foregoing reasons, we affirm.

